UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------x
                            :

IN RE: SEPTEMBER 11 LITIGATION    :      21 MC 97 (AKH)

                            :
----------------------------------------------------x

**DEFENDANT HUNTLEIGH USA CORPORATION'S MASTER ANSWER TO
PLAINTIFFS' FOURTH AMENDED FLIGHT 175 MASTER LIABILITY COMPLAINT**

**(TWO WORLD TRADE CENTER CRASH)**

Defendant Huntleigh USA Corporation ("Huntleigh"), by its attorneys Susman Godfrey and Mendes &

Mount, hereby responds to each numbered paragraph of Plaintiffs' Fourth Amended Flight 175 Master Liability

Complaint ("Flight 175 Complaint") as follows:

**BACKGROUND**

This section of the Flight 175 Complaint contains plaintiffs' characterization of these lawsuits and

requires no response. If a response is required, Huntleigh denies the truth of the allegations insofar that they

pertain to Huntleigh and denies having knowledge or information sufficient to form a belief as to the truth of the

remaining allegations.

**JURISDICTION AND VENUE**

1.       Huntleigh admits the allegations contained in paragraph 1.

2.       Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of
the allegations contained in paragraph 2 and respectfully refers all questions of law to this Court.

3.       Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of
the allegations contained in paragraph 3 and respectfully refers all questions of law to this Court.

4.      Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and respectfully refers all questions of law to this Court. .

## THE PARTIES

## PLAINTIFFS

5.      Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6.      Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.      Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

## THE AIRLINE DEFENDANTS

8.      Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9.      Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.     Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11.     Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.     Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13.     Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

## THE NON-CARRYING AIRLINE DEFENDANTS

16.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

## "THE SECURITY COMPANY DEFENDANTS"

20.    Huntleigh admits the allegations contained in paragraph 20.

21.    Huntleigh denies the allegations contained in paragraph 21, except admits that Defendant ICTS International NV was and is a business entity duly organized and existing under the laws of The Netherlands and maintaining its principal place of business in The Netherlands.

22.    Huntleigh denies the allegations contained in paragraph 22.

23.    Huntleigh denies the allegations contained in paragraph 23.

24.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.     Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26.     Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27.     Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.     Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.     Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30.     Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31.     Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.     Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33.     Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34.     Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35.     Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36, except admits that Huntleigh was a corporation engaged in the business of providing specific airport security services at Logan Airport pursuant to a contract with United Airlines.

## AIRPORT OPERATOR DEFENDANT

37.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

## THE BOEING DEFENDANT

38.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

## THE BUILDING OWNERS

41.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43.    Paragraph 43 is a statement that requires no response.

## THE BUILDING DEFENDANTS

44.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

50.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53.    Paragraph 53 is a statement that requires no response.

**GENERAL ALLEGATIONS**

54.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55.    Huntleigh avers that paragraph 55 contains legal conclusions to which no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55.

56.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

57.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57.

58.    Huntleigh avers that paragraph 58 contains legal conclusions to which no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58.

59.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59.

60.    Huntleigh avers that paragraph 60 contains legal conclusions to which no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60.

61.    Huntleigh denies the allegations contained in paragraph 61 as alleged, except admits that, prior to September 11, 2001, Huntleigh contracted with United to provide specific security screening services at Logan Airport.

62.    Huntleigh denies the allegations contained in paragraph 62 as alleged, but admits that Huntleigh employees, on and prior to September 11, 2001, selected, hired, trained, instructed, and supervised security checkpoint screeners at Logan Airport. Huntleigh further admits that its employees operated metal detectors and x-ray machine monitors at Logan Airport.

63.    Huntleigh denies the allegations contained in paragraph 63 as alleged, but admits that Huntleigh employees, on and prior to September 11, 2001, operated, maintained, and supervised a specific security checkpoint at Logan Airport pursuant to a contract with United Airlines.

64.    Huntleigh avers that paragraph 64 contains legal conclusions to which no response is required and otherwise denies the allegations contained in paragraph 64.

65.    Huntleigh avers that paragraph 65 contains legal conclusions to which no response is required and otherwise denies the allegations contained in paragraph 65.

66.    Huntleigh avers that paragraph 66 contains legal conclusions to which no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66.

67.    Huntleigh denies the allegations contained in paragraph 67 as alleged, but admits that Huntleigh employees, on and prior to September 11, 2001, managed, supervised, staffed, maintained, and monitored a specific security checkpoint at Logan Airport pursuant to a contract with United Airlines. Huntleigh further admits that its employees operated metal detectors and x-ray machine monitors at Logan Airport.

68.    Huntleigh denies the allegations contained in paragraph 68 as alleged, but admits that Huntleigh employees, on and prior to September 11, 2001, operated, maintained, and supervised a specific security checkpoint at Logan Airport pursuant to a contract with United Airlines.

69.    Huntleigh denies the allegations contained in paragraph 69 as alleged, but admits that Huntleigh employees, on and prior to September 11, 2001, managed, supervised, staffed, maintained, and monitored a specific security checkpoint at Logan Airport pursuant to a contract with United Airlines. Huntleigh further admits that its employees operated metal detectors and x-ray machine monitors at Logan Airport.

70.    Huntleigh denies the allegations contained in paragraph 70 as alleged, but admits that Huntleigh employees, on and prior to September 11, 2001, managed, supervised, staffed, maintained, and

monitored a specific security checkpoint at Logan Airport pursuant to a contract with United Airlines and that Huntleigh employees attended certain meetings during which airport security was discussed.

71.    Huntleigh denies the allegations contained in paragraph 71 insofar as they pertain to Huntleigh and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 71.

72.    Huntleigh denies the allegations contained in paragraph 72 insofar as they pertain to Huntleigh and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 72.

73.    Huntleigh denies the allegations contained in paragraph 73 insofar as they pertain to Huntleigh and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 73.

74.    Huntleigh denies the allegations contained in paragraph 74 insofar as they pertain to Huntleigh and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 74.

75.    Huntleigh denies the allegations contained in paragraph 75 insofar as they pertain to Huntleigh and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 75.

76.    Huntleigh denies the allegations contained in paragraph 76 insofar as they pertain to Huntleigh and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 76.

77.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77.

78.      Based upon current information and belief, Huntleigh admits the allegations contained in paragraph 78.

79.      Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79, except admits that, based on current information and belief, as a result of the conduct of the hijackers, Flight 175 was hijacked and crashed into the World Trade Center.

80.      Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80.

81.      Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81.

82.      Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82, except admits that, based on current information and belief, as a result of the conduct of the hijackers, Flight 175 was hijacked and crashed into the World Trade Center.

83.      Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83, except admits that, based on current information and belief, as a result of the conduct of the hijackers, Flight 175 was hijacked and crashed into the World Trade Center.

84.      Huntleigh denies the allegations contained in paragraph 84.

85.      Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85.

86.      Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86

87.      Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87.

88.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88.

89.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89.

90.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90.

91.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91.

92.    Huntleigh avers that paragraph 92 contains a legal conclusion to which no response is required and otherwise denies the allegations contained in paragraph 92.

## COUNT ONE

93.    Huntleigh repeats, realleges, and reiterates its responses to the allegations referred to in this answer as if fully set forth herein.

94.    Huntleigh avers that paragraph 94 contains a legal conclusion to which no response is required and otherwise denies the allegations contained in paragraph 94.

95.    Huntleigh denies the allegations contained in paragraph 95

96.    Huntleigh avers that paragraph 96 contains a legal conclusion to which no response is required and otherwise denies the allegations contained in paragraph 96 insofar as they pertain to Huntleigh and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96, except that Huntleigh admits that it entered into a contract with United Airlines to provide specific security services at Logan Airport.

97.    Huntleigh avers that paragraph 97 contains a legal conclusion to which no response is required and otherwise denies the allegations contained in paragraph 97 insofar as they pertain to Huntleigh and

denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 97.

98.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98, except admits that as a result of the conduct of hijackers, Flight 175 was hijacked and crashed into the World Trade Center.

99.    Huntleigh avers that paragraph 99 contains a legal conclusion to which no response is required and otherwise denies the allegations in paragraph 99 insofar as they pertain to Huntleigh and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 99.

100.    Huntleigh avers that paragraph 100 contains a legal conclusion to which no response is required and otherwise denies the allegations in paragraph 100.

101.    Huntleigh avers that paragraph 101 contains a legal conclusion to which no response is required and otherwise denies the allegations in paragraph 101.

## COUNT TWO

102.    Huntleigh repeats, realleges, and reiterates its responses to the allegations referred to in paragraph 102 of the Flight 175 Complaint as if fully set forth herein.

103.    Huntleigh avers that paragraph 103 contains a legal conclusion to which no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103.

104.    Huntleigh denies the allegations in paragraph 104 insofar as they pertain to Huntleigh and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104.

105.     Huntleigh denies the allegations in paragraph 105 insofar as they pertain to Huntleigh and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105.

106.     Huntleigh denies the allegations in paragraph 106 insofar as they pertain to Huntleigh and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106.

107.     Huntleigh denies the allegations in paragraph 107 insofar as they pertain to Huntleigh and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107.

108.     Huntleigh denies the allegations in paragraph 108 insofar as they pertain to Huntleigh and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108.

109.     Huntleigh denies the allegations in paragraph 109 insofar as they pertain to Huntleigh and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109.

110.     Huntleigh avers that paragraph 110 contains a legal conclusion to which no response is required and otherwise denies these allegations insofar as they pertain to Huntleigh and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110.

111.     Huntleigh avers that paragraph 111 contains a legal conclusion to which no response is required and otherwise denies these allegations insofar as they pertain to Huntleigh and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111.

112.    Huntleigh avers that paragraph 112 contains a legal conclusion to which no response is required and otherwise denies these allegations.

## COUNT THREE

113.    Huntleigh repeats, realleges, and reiterates its responses to the allegations referred to in paragraph 113 of the Flight 175 Complaint as if fully set forth herein..

114.    Huntleigh avers that paragraph 114 contains a legal conclusion to which no response is required and otherwise denies the allegations contained in paragraph 114.

115.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115.

116.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116.

117.    Huntleigh avers that paragraph 117 contains legal conclusions to which no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117.

118.    Huntleigh avers that paragraph 118 contains a legal conclusion to which no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118.

## COUNT FOUR

119.    Huntleigh repeats, realleges, and reiterates its responses to the allegations referred to in paragraph 119 of the Flight 175 Complaint as if fully set forth herein.

120.    Huntleigh avers that paragraph 120 contains a legal conclusion to which no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120.

121.    Huntleigh avers that paragraph 121 contains a legal conclusion to which no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121.

122.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122.

123.    Huntleigh avers that paragraph 123 contains a legal conclusion to which no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123.

124.    Huntleigh avers that paragraph 124 contains a legal conclusion to which no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124.

125.    Huntleigh avers that paragraph 125 contains a legal conclusion to which no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125.

**COUNT FIVE**

126.    Huntleigh repeats, realleges, and reiterates its responses to the allegations referred to in paragraph 126 of the Flight 175 Complaint as if fully set forth herein.

127.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127.

128.    Huntleigh avers that paragraph 128 contains a legal conclusion to which no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128.

129.    Huntleigh avers that paragraph 129 contains a legal conclusion to which no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129.

130.    Huntleigh avers that paragraph 130 contains a legal conclusion to which no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130.

## COUNT SIX

131.    Huntleigh repeats, realleges, and reiterates its responses to the allegations referred to in paragraph 131 of the Flight 175 Complaint as if fully set forth herein.

132.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132.

133.    Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133.

134.    Huntleigh avers that paragraph 134 contains a legal conclusion to which no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134.

135.    Huntleigh avers that paragraph 135 contains a legal conclusion to which  no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135.

136.    Huntleigh avers that paragraph 136 contains a legal conclusion to which no response is required and otherwise denies the allegations contained in paragraph 136.

## COUNT SEVEN

137.    Huntleigh repeats, realleges, and reiterates its responses to the allegations referred to in paragraph 137 of the Flight 175 Complaint as if fully set forth herein.

138.    Huntleigh denies the allegations contained in paragraph 138.

139.    Huntleigh avers that paragraph 139 contains a legal conclusion to which no response is required and otherwise denies the allegations contained in paragraph 139.

## COUNT EIGHT

140.    Huntleigh repeats, realleges, and reiterates its responses to the allegations referred to in paragraph 140 of the Flight 175 Complaint as if fully set forth herein.

141.    Huntleigh avers that paragraph 141 contains a legal conclusion to which no response is required and otherwise denies the allegations contained in paragraph 141 as alleged.

142.    Huntleigh denies the allegations contained in paragraph 142 insofar as they pertain to Huntleigh and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142.

143.    Huntleigh avers that paragraph 143 contains a legal conclusion to which no response is required and otherwise denies the allegations contained in paragraph 143 insofar as they pertain to Huntleigh and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 143.

144.    Huntleigh avers that paragraph 144 contains a legal conclusion to which no response is required and otherwise denies the allegations contained in paragraph 144 insofar as they pertain to Huntleigh and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 144.

145.    Huntleigh avers that paragraph 145 contains a legal conclusion to which no response is required and otherwise denies the allegations contained in paragraph 145 insofar as they pertain to Huntleigh and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 145.

146.    Huntleigh avers that paragraph 146 contains a legal conclusion to which no response is required and otherwise denies the allegations contained in paragraph 146 insofar as they pertain to Huntleigh and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 146.

147.    Huntleigh avers that paragraph 147 contains a legal conclusion to which no response is required and otherwise denies the allegations contained in paragraph 147.

## COUNT NINE

148.    Huntleigh repeats, realleges, and reiterates its responses to the allegations referred to in paragraph 148 of the Flight 175 Complaint as if fully set forth herein.

149.    Huntleigh denies the allegations contained in paragraph 149 insofar as they pertain to Huntleigh and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149.

150.    Huntleigh avers that paragraph 150 contains a legal conclusion to which no response is required and otherwise denies the allegations contained in paragraph 150.

## AFFIRMATIVE DEFENSES

Huntleigh alleges the following separate and distinct affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Flight 175 Complaint fails to state a cause of action against Huntleigh upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages were caused by the unforeseeable acts, intervening acts, superseding acts and/or omissions of persons other than Huntleigh who were not under the care, custody, control, or supervision of Huntleigh and for whose acts and/or omissions Huntleigh bears no responsibility.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages were not proximately caused by an act or omission of Huntleigh.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages were caused by an act of war.

## FIFTH AFFIRMATIVE DEFENSE

The Federal Aviation Act of 1958, P.L. 85-726 Stat. 731, formerly codified as 49 U.S.C. Section 1301, *et seq.*, now recodified and incorporated into 49 U.S.C. 40101, *et seq.*, together with the amendments to same and the regulations promulgated thereunder, establishes the uniform and exclusive standards that air carriers must follow with respect to aviation safety and security. Plaintiffs' claims that are based upon state common law or statutory standards purporting to govern aviation safety and security that are inconsistent with or preempted by such federal standards are barred, as a matter of law.

## SIXTH AFFIRMATIVE DEFENSE

Article 16 of New York's Civil Practice Law and Rules limits any liability of Huntleigh for non-economic loss to the equitable share of its fault, if any, to be determined in accordance with the relative culpability of each and every party or non-party, causing or contributing to the total liability claimed by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Section 4545(c) of the New York Civil Practice Law and Rules is applicable and requires that any claim by a Plaintiff for past or future costs or expenses incurred or to be incurred for loss of earnings or other

economic loss must be reduced by the amount of same that has been or can be replaced or indemnified in whole or in part by collateral sources.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Huntleigh must be dismissed because Plaintiffs have failed to join all necessary and indispensable parties and as such, complete relief cannot be afforded to the present parties to these actions.

## NINTH AFFIRMATIVE DEFENSE

If a Plaintiff has filed a claim with the "September 11[th] Victim Compensation Fund of 2001" as provided for by Public Law 107-42, The Air Transportation Safety and System Stabilization Act, that plaintiff waives the right to file a civil action in this Court for damages sustained as a result of the terrorist-related aircraft crashes of September 11, 2001. Any claim filed by a Plaintiff who also seeks compensation from the Fund is therefore barred.

## TENTH AFFIRMATIVE DEFENSE

The Air Transportation Safety and System Stabilization Act, 49 U.S.C. 40101, as amended, directs that any damages awarded against Huntleigh shall not be in an amount greater than the limits of liability insurance coverage maintained by Huntleigh.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint fail to state a cognizable claim against Huntleigh because Huntleigh was not contractually obligated to Plaintiffs given Huntleigh's duty as defined by the State of New York's *Espinal* doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed to the extent that relevant evidence required by Huntleigh to mount its defense is prohibited from disclosure by 49 CFR 1520 *et seq.*, as sensitive security information.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Count Seven ("*Res Ipsa Loquitur*"), fails to state a claim upon which relief can be granted.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any of plaintiffs' claims that relate to rates, routes, and services provided are expressly preempted by 49 U.S.C. § 41713.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and/or the decedents' next of kin named as claimants in the Complaint lack capacity and/or standing to maintain this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of Huntleigh or its agents, or employees.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Huntleigh is not liable to plaintiffs because it complied with applicable government regulations in effect at the time of the events described in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims based on common law or statutory law of the individual States requiring air carriers to implement security procedures that are different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301 et seq. and now recodified and incorporated as 49 U.S.C. § 40101 et seq.) and the federal regulations promulgated pursuant thereto are barred since compliance with those state laws would constitute an unconstitutional burden on interstate air commerce.

## NINETEENTH AFFIRMATIVE DEFENSE

Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if plaintiffs release or enter into a covenant not to sue or enforce a judgment with any other persons claimed to be liable for plaintiffs' damages, the amount recoverable against Huntleigh must reduced in accordance with Section 15-108 of New York's General Obligations Law or in accordance with such similar or counterpart principles as may be derived by this Court from New York law.

## TWENTIETH AFFIRMATIVE DEFENSE

Since Huntleigh was not in actual possession or control of the aircraft at the time of the crash, Huntleigh's liability is limited pursuant to 49 U.S.C.A. § 44112 (2002).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 6 of the New York State Constitution because the standards for determining liability for punitive damages and the standards for determining the amount of punitive damages in New York are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious, excessive and disproportionate punishment that serves no legitimate government interest.

## TWENTY-SECOND  AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 6 of the New York State Constitution because New York's post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 6 of the New York State Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case based upon a theory of respondeat superior without proof that an officer, director or managing agent of Huntleigh acted with the requisite state of mind would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 6 of the New York State Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The imposition of joint and several liability for punitive damages in this case would violate the Due Process Clause of the Fifth and Fourteenth Amendments to United States Constitution and of Article I, Section 6 of the New York State Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the Excessive Fines Clause of the New York State Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case based upon evidence of defendants' wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 6 of the New York State Constitution.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case based on the out-of-state conduct, profits and aggregate financial status of defendants would violate the Commerce Clause, the Equal Protection Clause, and the Privileges and Immunities Clause of the United States Constitution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 6 of the New York State Constitution.

## THIRITETH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case pursuant to New York law to punish defendants for conduct that occurred outside of New York would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 6 of the New York State Constitution as well as the Commerce Clause of the United States Constitution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Damages, compensatory or punitive, may be barred or limited by applicable state law as may be derived by this Court from New York law, including its choice of law principles.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages have been dismissed by an order of this Court dated July 3, 2007. As such, Plaintiffs' claims for punitive damages are barred.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed for insufficiency of service of process.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed to the extent that it is based on a right of subrogation, which does not exist under the applicable law.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Huntleigh owed no legal duty to the ground damage plaintiffs.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the state secrets doctrine.

## THIRTY-EIGTH AFFIRMATIVE DEFENSE

Huntleigh reserves the right to add affirmative defenses as necessary based on information obtained during investigation or discovery.

**WHEREFORE**, Huntleigh demands judgment in its favor dismissing the Flight 175 Complaint in its entirety, awarding to Huntleigh the costs and disbursements incurred in defending these actions, and granting such other relief as the Court grants just and proper.

Dated:      Houston, Texas
            November 13, 2007

                                        SUSMAN GODFREY L.L.P.

                                        /s/ H. Lee Godfrey

                                        H. Lee Godfrey – HG 1204
                                        Jonathan Ross
                                        Charles Eskridge
                                        Nicholas Daum
                                        Attorneys for Defendant
                                        Huntleigh USA Corp.
                                        1000 Louisiana Street Suite 5100
                                        Houston, Texas 77002
                                        713-651-9366

**TO:**

**United Airlines, Inc.**

Michael R. Feagley Esq.
Mayer, Brown, Rowe & Maw
190 South La Salle Street
Chicago, Illinois 60603-3441

Jeffrey Ellis, Esq.
Tim Keane, Esq.
Quirk & Bakalor, P.C.
845 Third Avenue, 15th Floor
New York, NY 10022

**US Airways**
Richard P. Campbell, Esq.
Campbell, Campbell, Edwards & Conroy, Professional Corporation
One Constitution Plaza, Third Floor
Boston, Massachusetts 02129

**Colgan Air, Inc.**
Jeffrey W. Moryan, Esq.
John McHenry, Esq.
Connell Foley, LLP
85 Livingston Avenue
Roseland, New Jersey 07068

**ICTS International N.V.**
Jon Paul Robbins, Esq.
David Sass, Esq.
Mc Laughlin & Stern
260 Madison Avenue
New York, NY 10016

**Globe Aviation Services, Inc.**
James P. Connors, Esq.
Jones Hirsch Connors & Bull P.C.
1 Dag Hammarskjold Plaza
New York, New York 10017

Paul V. Kelly, Esq.
Kelly, Libby & Hoopes, P.C.
175 Federal Street
Boston, Massachusetts 02110

Gary W. Westerberg, Esq.

Robert Conlon, Esq.
Lord, Bissell & Brook
Suites 2600-3600
Harris Bank Building,
115 South La Salle Street
Chicago, Illinois 60603

**Burns International Services Corp.**

Brian V. Otero, Esq.
Hunton & Williams
200 Park Avenue
New York, NY 10166-0136

**Securitas AB**
Chirstopher H. Lunding, Esq.
Cleary, Gottlieb, Steen & Hamilton
One Liberty Plaza
New York, NY 10006

**Massachusetts Port Authority**
Mark Wood, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, California 90071

John L. Altieri Jr., Esq.
Paul Koepff, Esq.
Marissa Molé, Esq.
O'Melveny & Myers LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Christopher D. Moore, Esq.
Paul F. Ware, Jr., Esq.
F. Dennis Saylor, IV, Esq.
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109-2881

**Metropolitan Washington Airport Authority and The City of Portland, Maine**
Mark Dombroff, Esq.
Dombroff & Gilmore
1025 Thomas Jefferson Street, NW – Suite 300
Washington D.C. 20007

Karen Berberich, Esq.
Ray Mariani, Esq.
Dombroff & Gilmore
40 Broad Street – Suite 2000
New York, NY 10004

**Port Authority of New York & New Jersey**
Gerry Crowley, Esq.
Keith Harris, Esq.
Port Authority of New York and New Jersey
225 Park Avenue South – 13th Floor
New York, NY 10003

**Port Authority and World Trade Center Properties LLC**
Richard A. Williamson, Esq.
Jason T. Cohen, Esq.
M. Bradford Stein, Esq.
Flemming, Zulack & Williamson, LLP
One Liberty Plaza
New York, New York 10006-1404

**Plaintiffs' Executive Committee**
Marc S. Moller, Esq.
James P. Kreindler, Esq.
Noah H. Kushlefsky, Esq.
Brian J. Alexander, Esq.
Kreindler & Kreindler
100 Park Avenue
New York, NY 10017-5590

Donald A. Migliori, Esq.
Ness, Motley, P.A.
321 S. Main Street
P.O. Box 6067
Providence, Rhode Island 02940-6067

Ronald L. Motley, Esq.
Michael E. Eisner, Esq.
Jodi W. Flowers, Esq.
Ness, Motley, P.A.
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29465

Michael F. Baumeister, Esq.
Douglas A. Latto, Esq.

Dorothea M. Capone, Esq.
Baumeister & Samuels, P.C.
One Exchange Plaza
New York, New York 10006

Paul J. Hedlund, Esq.
John A. Greaves, Esq.
Robert E. Guilford, Esq.
Mary F. Schiavo, Esq.
Baum, Hedlund, Aristei, Guilford & Schiavo
12100 Wilshire Boulevard, #950
Los Angeles, California 90025

Frank H. Granito, Jr., Esq.
Frank H. Granito, III, Esq.
Kenneth P. Nolan, Esq.
Speiser, Krause, Nolan & Granito, P.C.
Two Grand Central Tower, 34th Floor
140 East 45th Street
New York, New York 10017

Paul J. Hanley, Jr., Esq.
Jayne Conroy, Esq.
Hanly & Conroy, LLP
415 Madison Avenue
New York, New York 10017

Timothy W. Triplett, Esq.
Kristopher A. Kuehn, Esq.
Warden Triplett Grier
Building 40 Corporate Woods
9401 Indian Creek Parkway, Suite 1100
Overland Park, Kansas 66210

Michael J. Kuckelman, Esq.
Warden Triplett Grier
25 Old Broad Street, Level 7
London EC2N 1HN
England

## AFFIDAVIT OF SERVICE

State of New York    )
                           )        ss.:
County of New York)

I, Tara M. McCabe, being duly sworn, deposes and says that deponent, is over 18 years
of age and resides in Queens, New York. That on the 7th day of February 2003, deponent
served within one copy of Defendant Huntleigh USA Corporation's Master Answer to
Plaintiffs' Flight 11 Master Complaint (One World Trade Center) upon the attached
service list at the addresses designated by said parties for that purpose by depositing same
enclosed in a properly addressed wrapper, in an official depository under the exclusive
care and custody of the United States Post Office Department within the State of New
York.

Dated:            New York, New York
                  February 7, 2003

                                                                       Tara M. McCabe

Sworn to before me this
7th of February 2003

Notary Public

CAROLE SCHWARTZ
Notary Public, State of New York
No. 01SC4905951
Qualified in New York County
Comission Expires October 5, 2005

## CERTIFICATE OF SERVICE

I, Nicholas F. Daum, an attorney with the firm of Susman Godfrey L.L.P., attorneys for Defendant Huntleigh USA Corporation, certify:

I am over eighteen (18) years of age. On this 13th day of November, 2007, I caused to be served via electronic case filing in accordance with the Case Management Order dated October 17, 2006 and in accordance with the Court's March 10, 2005 Order, DEFENDANT HUNTLEIGH USA CORPORATION'S MASTER ANSWER TO PLAINTIFFS' FOURTH AMENDED FLIGHT 175 MASTER LIABILITY COMPLAINT on the parties listed below:

| | |
|---|---|
| All Liaison Counsel<br>Via E-mail | dbarry@condonlaw.com; mmoller@kreindler.com; balexander@kreindler.com;dmigliori@motleyrice.com; rac@cliffordlaw.com; tst@cliffordlaw.com; rwilliamson@fzwz.com; bstein@fzwz.com; bjacob@schiffhardin.com; beth.goldman@usdoj.gov; sarah.normand@usdoj.gov;jeannette.vargas@usdoj.gov |
| All Individual PI/WD Plaintiffs' Counsel<br>Via E-mail | mschiavo@motleyrice.com; rjt@tolchinlaw.com; dmigliori@motleyrice.com; kfm@mccalliomlaw.com; FFleming@kreindler.com; kpn@ny.speiserkrause.com; jazrael@agflaw.com; mmoller@kreindler.com; JGreen@kreindler.com; Susum47@hotmail.com; BAlexander@kreindler.com; dellandlittle@juno.com; kfranz@agflaw.com |

I certify under the penalty of perjury that the foregoing is true and correct.

_____

Nicholas F. Daum

## CERTIFICATE OF SERVICE

I, Nicholas F. Daum, an attorney with the firm of Susman Godfrey L.L.P., attorneys for Defendant Huntleigh USA Corporation, certify:

I am over eighteen (18) years of age. On this 13th day of November, 2007, I caused to be served via electronic case filing in accordance with the Case Management Order dated October 17, 2006 and in accordance with the Court's March 10, 2005 Order, DEFENDANT HUNTLEIGH USA CORPORATION'S MASTER ANSWER TO PLAINTIFFS' FOURTH AMENDED FLIGHT 175 MASTER LIABILITY COMPLAINT on the parties listed below:

| | |
|---|---|
| All Liaison Counsel<br>Via E-mail | dbarry@condonlaw.com; mmoller@kreindler.com;<br>balexander@kreindler.com;dmigliori@motleyrice.com;<br>rac@cliffordlaw.com; tst@cliffordlaw.com;<br>rwilliamson@fzwz.com; bstein@fzwz.com;<br>bjacob@schiffhardin.com; beth.goldman@usdoj.gov;<br>sarah.normand@usdoj.gov;jeannette.vargas@usdoj.gov |
| All Individual PI/WD Plaintiffs' Counsel<br>Via E-mail | mschiavo@motleyrice.com; rjt@tolchinlaw.com;<br>dmigliori@motleyrice.com; kfm@mccalliomlaw.com;<br>FFleming@kreindler.com; kpn@ny.speiserkrause.com;<br>jazrael@agflaw.com; mmoller@kreindler.com;<br>JGreen@kreindler.com; Susum47@hotmail.com;<br>BAlexander@kreindler.com; dellandlittle@juno.com;<br>kfranz@agflaw.com |

I certify under the penalty of perjury that the foregoing is true and correct.

Nicholas F. Daum