UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – –  X

IN RE SEPTEMBER 11TH LITIGATION

and

IN RE SEPTEMBER 11TH PROPERTY DAMAGE
AND BUSINESS LOSS LITIGATION

Civil Nos.
21 MC 97 (AKH)
21 MC 101 (AKH)

THIS DOCUMENT RELATES
TO: 03 CV 7083 (AKH)
      03 CV 7084 (AKH)

Nassaney, et al. v. United Air
Lines, Inc., et al.

Sanchez v. United Air Lines,
Inc., et al.

– – – – – – – – – – – – – – – – – – – – – – – – – – –  X

---

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
FOR ORDERS (1) APPROVING THE SETTLEMENTS; (2) ENTERING FINAL
JUDGMENT PURSUANT TO RULE 54(b) OF THE FEDERAL RULES OF CIVIL
PROCEDURE; (3) RULING THAT THE LIABILITY LIMITATION CONTAINED
IN SECTION 408(a)(1) OF THE AIR TRANSPORTATION SAFETY AND
SYSTEM STABILIZATION ACT APPLIES TO THE SETTLEMENT AMOUNTS;
AND (4) DISMISSING THE COMPLAINTS WITH PREJUDICE

---

QUIRK AND BAKALOR, P.C.
845 THIRD AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE: (212) 319-1000
FACSIMILE: (212) 319-1065

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – X

IN RE SEPTEMBER 11TH LITIGATION

and

IN RE SEPTEMBER 11TH PROPERTY DAMAGE
AND BUSINESS LOSS LITIGATION

Civil Nos.
21 MC 97 (AKH)
21 MC 101 (AKH)

THIS DOCUMENT RELATES
TO: 03 CV 7083 (AKH)
    03 CV 7084 (AKH)

Nassaney, et al. v. United Air
Lines, Inc., et al.

Sanchez v. United Air Lines,
Inc., et al.

– – – – – – – – – – – – – – – – – – – – – – – – X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
FOR ORDERS: (1) APPROVING THE SETTLEMENTS; (2) ENTERING FINAL
JUDGMENT PURSUANT TO RULE 54(b) OF THE FEDERAL RULES OF CIVIL
PROCEDURE;(3) RULING THAT THE LIABILITY LIMITATION CONTAINED IN
SECTION 408(a)(1) OF THE AIR TRANSPORTATION SAFETY AND SYSTEM
STABILIZATION ACT APPLIES TO THE SETTLEMENT AMOUNTS; AND (4)
DISMISSING THE COMPLAINTS WITH PREJUDICE**

Defendants United Air Lines, Inc., UAL Corporation and Huntleigh USA

Corporation, respectfully move for the entry of orders (1) approving the settlements

reached between the parties in *Nassaney v. United Air Lines, Inc., et al.*, 03 CV 7083

(AKH) and *Sanchez v. United Air Lines, Inc.*, et al., 03 CV 7084 (AKH); (2) directing the

entry of final judgment in said matter in accordance with the terms of the settlements,

pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; (3) ruling that all

amounts paid pursuant to the settlements count towards the limitation of liability

established by Section 408 (a)(1) of the Air Transportation Safety and System

Stabilization Act applicable to United, UAL and Huntleigh; and (4) dismissing the

complaints in *Nassaney v. United Air Lines, Inc., et al.*, 03 CV 7083 (AKH) and *Sanchez v. United Air Lines, Inc.*, et al., 03 CV 7084 (AKH) with prejudice as to all defendants.

## Preliminary Statement

This Motion has two objectives. First, defendants seek the entry of the attached proposed Orders to ensure the finality of their settlements and to reflect that the full amounts paid pursuant to these settlements are counted towards the limitation imposed by the Air Transportation Safety and System Stabilization Act (the "ATSSSA") on liability arising from the terrorist-related aircraft crashes of September 11, 2001. The settlement agreements provide that defendants shall have no obligation thereunder and that no payments will be made, unless and until a final, non-appealable determination is obtained ruling that the full amounts to be paid under the settlements count against the limitation on liability established by Section 408(a)(1) of the ATSSSA.

Second, this motion serves to provide fair notice to all parties in Civ. No. 21 MC 97 and Civ. No. 21 MC 101 that settlements have been reached that will consume a portion of the insurance coverage available.   The wrongful death, personal injury, property damage and business interruption claims exceed the limits of the defendants' liability insurance, and the ATSSSA restricts defendants' liability to those limits.  For that reason, the defendants are hereby providing notice of the existence and terms of their settlements.[1]  Copies of the settlement documents are attached to the Declaration of Jeffrey J. Ellis, submitted herewith, as Exhibit "A" with reference to the settlement

---

[1]    This motion has been served on all liaison counsel in Civ. No. 21 MC 97 and Civ. No. 21 MC 101 as well as on counsel for plaintiffs Patrick John Nassaney, Sr., Margaret M. Nassaney and Felicita Maria Sanchez.

amounts redacted. Unredacted versions of the settlement documents are being filed under seal with the Court.

If the amount of the settlements – as opposed to payments pursuant to a judgment resulting from a jury verdict – did not come under the 408(a)(1) limitation, the aviation defendants would have no choice but to pursue continued, protracted litigation of these claims. No one's interests would be served by such a result: compensation to victims of the September 11 attacks would be delayed, and the Court would be saddled with the burden of complex litigation in the personal injury and wrongful death cases when an agreed-upon resolution is otherwise available. To effectuate the language and purpose of the ATSSSA, as well as to avoid unnecessary and undesirable results, the Court should enter the attached proposed Orders. In addition, because there is no just reason for delay, the Court should direct the immediate entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in accordance with the terms of the settlement agreements.

## Statement of Facts

**I.    Nassaney, et al. v. United Air Lines, Inc., et al., 03 CV 7083 (AKH)**

Plaintiffs Patrick John Nassaney, Sr. and Margaret M. Nassaney's decedent and son, Shawn M. Nassaney, was a passenger onboard United Flight 175. Mr. Nassaney was killed when terrorists seized control of the aircraft and intentionally crashed it into 2 World Trade Center.

**II.    Sanchez v. United Air Lines, Inc., et al., 03 CV 7084 (AKH)**

Plaintiff Felicita Maria Sanchez's decedent and father, Jesus Sanchez, Jr., was a passenger onboard United Flight 175. Mr. Sanchez was killed when terrorists seized control of the aircraft and intentionally crashed it into 2 World Trade Center.

III.    **The Settlement Process**

Pursuant to a settlement process that this Court helped establish, plaintiffs and defendants agreed upon settlements of the above referenced plaintiffs' claims. The settlements provide for payments to the plaintiffs in full satisfaction of their claims. The settlement agreements also provide that defendants will have no obligations thereunder, and that no payments to plaintiffs will be made, until (1) a final judgment has been entered in accordance with the settlement terms and the time to appeal has been exhausted and (2) a final ruling has been made that payment pursuant to the settlements counts towards the limitation on liability imposed by Section 408(a)(1) of the ATSSSA.

The settlements were the product of extensive negotiation between experienced counsel pursuant to a Court-established schedule. Over the course of meaningful negotiations, and taking into account such factors as the risks of litigation, the various factual and legal claims and defenses of the parties, and the individual circumstances of the plaintiff and their decedents, the parties reached the resolution embodied in the settlement agreements. United and Huntleigh's respective insurers agreed to jointly fund the *Nassaney* and *Sanchez* settlements. The settlements apply to all defendants and provide for the dismissal of the complaints as to all defendants.

Throughout the negotiations, the parties recognized the significant interest of the defendants in ensuring that the full amounts paid under any settlements would count towards the limitation on liability established by Section 408(a)(1) of the ATSSSA. Thus, the parties have made it a condition precedent to any payment under the terms of the settlements that a final, non-appealable order issue confirming that the full amount

4

of the settlements counts towards the limitation of liability under Section 408(a)(1) of the ATSSSA. Defendants simply would not be willing to enter into a settlement that might expose them to liability in excess of the Section 408(a)(1) limits. Defendants are prepared to make payments to plaintiffs of the settlement amounts promptly upon the issuance of a final non-appealable ruling. Absent such a ruling, this case will not settle and plaintiffs will be forced to await the conclusion of the entire litigation before any liability can be established and any determination can be made of the amount of compensation, if any, that plaintiffs will receive.

### Argument

**I.    The Court Should Approve The Settlements and Enter Judgment**

    **A.    Section 408 of the ATSSSA.**

In the immediate aftermath of the September 11, 2001 terrorist attacks, Congress enacted the Air Transportation Safety and System Stabilization Act. Recognizing the urgent need to provide for compensation to the victims of the attacks and to protect the aviation industry against devastating financial consequences, Congress created two alternatives for victims who suffered personal injury or death: they could elect to receive compensation from the government-funded Victims' Compensation Fund ("VCF") without the necessity of proving fault or they could pursue a newly created, exclusive federal cause of action for damages.[2]

---

[2]   This litigation includes multiple cases alleging property damage and business interruptions resulting from the September 11 attacks. Those cases have been consolidated in a separate track of the litigation under the docket number 21 MC 101. As ATSSSA foresaw, the aviation defendants have also been subject to cross-claims alleging property damage by, among others, the Port Authority of New York and New Jersey and World Trade Center Properties LLC.

While permitting litigation for claims arising from the September 11 attacks, the ATSSSA provides that liability for all claims against specified defendants may not exceed the limits of each defendant's respective liability insurance coverage. Section 408(a)(1) of the ATSSSA provides:

> Notwithstanding any other provision of law, liability for all claims, whether for compensatory or punitive damages or for contribution or indemnity, arising from the terrorist-related aircraft crashes of September 11, 2001, against an aircraft carrier, aircraft manufacturer, airport sponsor, or person with a property interest in the World Trade Center, on September 11, 2001, whether fee simple, leasehold or easement, direct or indirect, or their directors, officers, employees or agents, shall not be in an amount greater than the limits of liability insurance coverage maintained by that air carrier, aircraft manufacturer, airport sponsor or person.[3]

107 Pub. L. 71, § 408(a)(1). This sweeping language includes liability pursuant to settlements like those at issue here.

First, these are claims "arising from the terrorist-related aircraft crashes of September 11, 2001." Mr. Nassaney and Mr. Sanchez were killed when terrorists seized control of United Flight 175 and intentionally crashed it into 2 World Trade Center.

Second, the liability imposed by virtue of the settlements at issue is part of the "liability for all claims" that Congress has directed shall not exceed the limits of each defendant's liability insurance coverage. "Liability" is a "broad legal term of the most comprehensive significance, including almost every character of hazard or responsibility, absolute, contingent or likely." Black's Law Dictionary 631 (6th ed. 1991).

---

[3]    Although section 408(a)(1) of the ATSSSA does not refer directly to security companies, by amendment to section 402(1), Congress clarified that the security companies are considered agents of the air carriers for purposes of application of the liability cap.

Courts routinely count liability pursuant to settlement against the limits of defendants' liability policy. <u>See, e.g.</u>, <u>E.R. Squibb & Sons, Inc. v. Lloyd's & Co.</u>, 241 F.3d 154, 160 (2d Cir. 2001) (addressing allocation of pending, future and settled claims among limits of primary and excess policies).

Congress in imposing the liability cap must have been aware that most civil litigation is resolved by settlement, not trial, and could scarcely have contemplated that liability liquidated by settlement would be excluded from the statutory limitation. To hold otherwise would hamstring the defendants entitled to Section 408's protection from settling claims and force them to continue litigation, in contravention of a well-established federal policy favoring the settlement of disputes. <u>See, e.g.</u>, <u>Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.</u>, 396 F.3d 96, 106 (2d Cir. 2005) ("We are mindful of the strong judicial policy in favor of settlements."); <u>In re: Painewebber Limited P'ships Litig.</u>, 147 F.3d 132, 138 (2d Cir. 1998) (noting the "strong judicial policy in favor of settlements"). Moreover, Congress plainly intended to protect the aviation industry against the risk of financial outlays not subject to insurance coverage. Finally, plaintiffs who are parties to settlements like this one will benefit from receiving their settlement payments now, rather than being forced to wait until the conclusion of lengthy, uncertain and complicated litigation.

**B.    <u>Certification Pursuant to Rule 54(b)</u>.**

The settlements of the *Nassaney* and *Sanchez* cases definitively resolve these cases, and the dismissal with prejudice of the complaints in said actions is classic final disposition. If these cases had been litigated on an entirely stand-alone basis, there would arguably be no need for any Rule 54(b) certification. But the *Nassaney* and

7

*Sanchez* cases have been consolidated with the other personal injury and wrongful death claims for pretrial purposes.  For that reason, and to assure clarity that a final, appealable determination is being made, certification under Rule 54(b) of the Federal Rules of Civil Procedure is appropriate.

Under Rule 54(b) of the Federal Rules of Civil Procedure,

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may direct entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b).  Here, there is no just reason for delay, and every reason to advance the finality of the resolution of a case arising from terrorist attacks that took place over five years ago.  See, Cromer Fin. Ltd. v. Berger, 2002 U.S. Dist. LEXIS 20174, at *7 (S.D.N.Y. Oct. 23, 2002) ("There is no reason to delay entering a partial judgment at this juncture; indeed, failing to do so could frustrate the goals of the negotiated settlement.").

These settlements resolve these actions against the defendants by the *Nassaney* and *Sanchez* families arising out of the September 11 attacks and offer the families a chance to achieve closure.  If plaintiffs were forced to await the outcome of a liability trial and the outcome of other claims – involving different parties and different issues – before this resolution becomes final, a protracted limbo will ensue.  Under the terms of the settlement agreements, plaintiffs will not receive the promised payments unless and until a final judgment is entered in each case and the appeals period is exhausted.  See, Laverty v. Savoy Indus., Inc., 1992 U.S. Dist. LEXIS 15056 (S.D.N.Y. Oct. 6, 1992)(holding that inability to execute on settlement was exactly the sort of "hardship

and denial of justice through delay that Rule 54(b) was designed to eliminate."). As long as any degree of uncertainty persists about whether a settlement is subject to the limits of Section 408(a)(1) of the ATSSSA, defendants will be unable to finally settle and dispose of claims, and there will be no prospects of streamlining the litigation. Accordingly, the Court should direct entry of final judgment as to the claims resolved by these settlements.

## CONCLUSION

For the reasons and arguments set forth above, the Court should enter the attached Orders (1) approving the settlements; (2) ruling that all amounts paid pursuant to the settlements count against the liability limits set forth in Section 408 (a)(1) of the ATSSSA; (3) directing entry of final judgment in accordance with the terms of the settlement agreements pursuant to Fed. R. Civ. P. 54(b); and (4) dismissing the Complaints in *Nassaney v. United Air Lines, Inc., et al.*, 03 CV 7083 (AKH) and *Sanchez v. United Air Lines, Inc.*, et al., 03 CV 7084 (AKH), with prejudice as to all defendants.

Dated: New York, New York
December 19, 2007

Respectfully submitted,

QUIRK AND BAKALOR, P.C.

By: _____
Jeffrey J. Ellis (JJE 7796)
A Member of the Firm
845 Third Avenue, 15th Floor
New York, New York  10022
Telephone: (212) 319-1000
Facsimile: (212) 319-1065

&

MAYER, BROWN, LLP
71 South Wacker Drive
Chicago, Illinois  60606
Telephone: (312) 701-7065
Facsimile:  (312) 706-8623

Attorneys for Defendants
UNITED AIR LINES, INC. and
UAL CORPORATION

10

SUSMAN GODFREY, LLP

By: _____
      H. Lee Godfrey (HG 1204)
A Member of the Firm
1000 Louisiana Street
Houston, Texas  77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Attorneys for Defendant
HUNTLEIGH USA CORPORATION